## Case No. 17,759.

### The WILLIAM T. GRAVES.

[14 Blatchf. 189.] [1]

Circuit Court, N. D. New York. April 7, 1877. [2]

MARITIME LIENS — PRIORITIES — REPAIRS — MORTGAGE.

A mortgage was given on a vessel and was recorded in pursuance of section 1 of the act of congress of July 29, 1850 (9 Stat. 440), now section 4192 of the Revised Statutes of the United States. Afterwards, and while she was in the possession of her owner at her home port in Buffalo, New York, repairs were there done to her, on the credit of the vessel. The statute of New York gave a lien on the vessel for such repairs, in preference to all other liens, except seamen's wages. After the repairs were made the mortgage was foreclosed and the vessel was sold, and was purchased by the claimant, on the foreclosure sale. Afterwards a libel in rem was filed against the vessel to enforce such lien for repairs. *Held*, that such lien had priority over the title acquired under the foreclosure of the mortgage.

[Cited in The Canada, 7 Fed. 735. Quoted in The J. E. Rumbell, 148 U. S. 1, 13 Sup. Ct. 502.]

[Cited in Tabor v. The Cerro Gordo, 54 Fed. 392, 62 Conn. 579.]

[Appeal from the district court of the United States for the Northern district of New York.]

This was a libel in rem, filed in the district court. After a decree for the libellant in that court [Case No. 17,758], the claimants appealed to this court.

Williams & Potter, for libellant.

Davis & Clinton, for claimants.

JOHNSON, Circuit Judge. The question presented in this case is one of interest and importance. After a careful examination, I am satisfied that it has been correctly decided by Judge Wallace, and that the arguments which his opinion presents ought to control the disposition of the cause. It would be quite useless to restate them, and I only desire to add a few words, in further elucidation of the force of the act of July 29, 1850 (9 Stat. 440), which provides for recording the conveyances of vessels. It enacts (section 1) "that no bill of sale, mortgage, hypothecation, or conveyance of any vessel, or part of any vessel, of the United States, shall be valid against any person other than the

grantor or mortgagor, his heirs and devisees, and persons having actual notice thereof, unless such bill of sale, mortgage, hypothecation or conveyance be recorded in the office of the collector of the customs where such vessel is registered or enrolled; provided, that the lien by bottomry on any vessel, created during her voyage, by a loan of money or materials, necessary to repair or enable such vessel to prosecute a voyage, shall not lose its priority, or be in any way affected by the provisions of this act." The obvious purpose of this proviso was to make it entirely clear that a bottomry bond did not come within the statute requiring certain instruments to be recorded. It might otherwise have been contended that it was, in some sense, a hypothecation of the vessel, and, therefore, required to be recorded. It will be observed, that the proviso is confined to liens by bottomry. If this proviso be construed to mean that such a lien only is out of the purview of the statute, and that all other liens are postponed to that of a mortgagee, then the claims of salvors, and all those having other strictly maritime liens, would be thus postponed, to the subversion of the whole principle upon which efficacy is given to such claims, and the overthrow of the best settled and most salutary principles of the maritime law. Indeed, any principle upon which this statute can be expounded to give such a priority to a recorded mortgage, would also extend to bills of sale and other conveyances recorded under the same law, and thus practically overthrow the whole scheme of the maritime law, upon the subject of maritime liens. This statute, I conclude, therefore, has no relation to the question involved; and the lien of the libellant is left to stand upon the statute of New York, which the courts of the United States do enforce in the courts of admiralty.

Judgment must be given for the amount recovered in the district court, with the costs of that court, and of the appeal in this court.